UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT WILSON; JACQUELINE WILSON,<br><br>Appellants,<br><br>v.<br><br>JPMORGAN CHASE BANK NA ET AL.<br><br>Appellees. | CASE NO. 2:23-cv-01827-JHC<br><br>Bankruptcy No. 2:23-bk-10919<br>2:23-ap-1073<br><br>ORDER DENYING APPELLANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on appellants' motion for reconsideration of this Court's order affirming in part the bankruptcy court's refusal to consider appellants' note acceleration argument. Dkt. # 47. For the following reasons, the Court DENIES the motion.

Although appellants' motion for reconsideration is untimely under LCR 7(h),[1] appellants file their motion under Fed. R. Civ. P. 60(b)(6). Dkt. # 47 at 2. *See Zayas v. Krause*, 2022 WL

---

[1] Motions for reconsideration must be filed within 14 days of the order to which it relates. LCR 7(h)(2). On October 9, 2024, a day before the relevant 14 days had elapsed, appellants filed a letter expressing their intent to file a motion for reconsideration by October 14, 2024, and alluding to medical issues that had resulted in delay. Dkt. # 44. On October 14, 2024, appellants filed another letter expressing their intent to file a motion for reconsideration by October 17, 2024, and again alluding to medical issues that had caused delay. Dkt. # 46. On October 26, 2024, appellants filed the motion for reconsideration. Dkt. # 47. Appellants' letters did not extend the 14-day deadline because they were not filed as motions for relief from a deadline. *See* LCR 7(j). And in any event, appellants did not abide by their own self-prescribed deadline of October 17, 2024.

ORDER DENYING APPELLANTS' MOTION FOR RECONSIDERATION - 1

5155141, at *1–2 (W.D. Wash. Oct. 5, 2022) (construing a filing as a request for relief from the judgment under Rule 60(b) and as a motion for reconsideration under LCR 7(h)); *see also* Fed. R. Civ. P. 60(c) (motions made under Rule 60(b) must be made "within a reasonable time"). While motions under Rule 60(b) are typically filed in the trial court, there have been cases where a district court hearing an appeal from a bankruptcy court has adjudicated such a motion. *See e.g.*, *In re Moore*, 2018 WL 4053473, at *1 (N.D. Cal. Aug. 24, 2018) (denying a motion construed under Rule 60(b) for an order vacating dismissals entered in appellant's bankruptcy appeals). Rule 60(b)(6) is a catch-all provision that allows a court to set aside an order for "any other reason that justifies relief." Relief under Rule 60(b)(6) is granted "sparingly as an equitable remedy to prevent manifest injustice, and only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *In re Wylie*, 349 B.R. 204, 212 (B.A.P. 9th Cir. 2006) (quotation marks and citation omitted).

Appellants do not show extraordinary circumstances that prevented them from setting forth in their briefs on appeal what is now presented in their motion for reconsideration. Appellants say that they could not have timely raised their contention that their obligation to repay the full loan was suspended because appellees began to assert, for the first time, that they had not accelerated the loan *after* appellants had filed the operative first amended complaint. Dkt. # 47 at 6–7. But appellants were aware of this fact prior to filing an appeal in this Court.[2] Appellants were also aware of the procedural ground upon which the bankruptcy court granted summary judgment for appellees on this claim but failed to meaningfully contest it on appeal for the reasons the Court stated in its order affirming in part the bankruptcy court. Dkt. # 43 at 14–

---

[2] Appellants say that the undisputed status of whether Chase accelerated the loan began to change on September 19, 2023. Dkt. # 47 at 6. But all six orders appellants appealed from were issued after this date. *See* Dkt. # 43 at 1–2.

ORDER DENYING APPELLANTS' MOTION FOR RECONSIDERATION - 2

15. "[O]n appeal, arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). In their supplemental opening brief, appellants stated, "The assertion that Chase never accelerated the Note is an assertion that Defendants never made in either of *the two previous lawsuits*." Dkt. # 30 at 16–17 (emphasis added). But this vague statement does not set forth the explanation now provided in the motion for reconsideration as to why appellants could not have raised in their first amended complaint the contention that their obligation to repay the full loan was suspended. Parties cannot use Rule 60(b) to relitigate a case based on information that was previously before them. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show . . . that circumstances beyond its control prevented timely action to protect its interests."). And "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). In the interest of finality, the Court denies appellants' motion for reconsideration.[3]

Dated this 28th day of October.

John H. Chun
United States District Judge

---

[3] Even assuming appellants could, in a separate motion, show excusable neglect under Fed. R. Civ. P. 6(b) for the Court to consider the motion for reconsideration under LCR 7(h), the outcome would be the same. "Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence." *Cunningham v. Fortney*, 2024 WL 1931695, at *1 (W.D. Wash. May 2, 2024) (citing LCR 7(h)(1)). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

ORDER DENYING APPELLANTS' MOTION FOR RECONSIDERATION - 3